NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2015[*]
Decided May 26, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2011

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 803-2 |
| ENRIQUE FLANAGAN, *Defendant-Appellant*. | Joan Humphrey Lefkow, *Judge*. |

**ORDER**

Enrique Flanagan was arrested in Maywood, Illinois, after he and his partner exchanged cocaine for firearms during a sting operation. In a post-arrest interview, he admitted that he sold cocaine, that he was a member of the Familia Stones gang, and that he and his partner planned to sell the acquired firearms to gang members. Flanagan was

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

charged with one count of conspiring to possess and distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), three counts of distributing cocaine, *id.* § 841(a)(1), two counts of possessing with intent to distribute cocaine, *see id.*, one count of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and one count of possessing a firearm in furtherance of a drug-trafficking offense, *id.* § 924(c)(1).

Flanagan opted to represent himself at his jury trial. He did not present a colorable defense and instead incessantly maintained that the district court lacked personal and subject-matter jurisdiction. The district judge rejected these arguments, and the jury found Flanagan guilty on all counts. The judge sentenced him to a total of 111 months' imprisonment and imposed a 5-year term of supervised release.

Flanagan's appeal consists of nothing more than repetition of his challenges to the district court's jurisdiction. The district judge patiently explained to Flanagan that district courts have subject-matter jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231; *see United States v. Burke,* 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Turcotte,* 405 F.3d 515, 521 (7th Cir. 2005), along with personal jurisdiction over defendants charged with violating federal law and brought before the court, *see United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Rendon,* 354 F.3d 1320, 1326 (11th Cir. 2003). We have repeatedly rejected as frivolous arguments to the contrary. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases).

AFFIRMED.